IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

LARAINE GRANT,　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　　　　*　Civil Action No. 08:10–CV–0069—AW
　　　　　　　　　　　　　　　　　　　　*
THE UNITED STATES OF AMERICA,　　　　 *
　　　　　　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
**************************************************************************

**MEMORANDUM OPINION**

Plaintiff Laraine Grant brings this action against Defendant United States of America claiming a violation of the Federal Tort Claims Act pursuant to 28 U.S.C §1346 (b) and § 2671, *et seq*. Pending before the Court is Defendant's Motion for Summary Judgment. Doc. No. 12. The Court has reviewed the Motion and all supporting documents filed by the parties. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

**I.　　FACTUAL & PROCEDURAL BACKGROUND**

On the rainy and overcast day of April 29, 2008, Loraine Grant visited a U.S. Post Office in Gaithersburg, Maryland to drop off bulk mail for her employer, Hughes United Methodist Church. Ms. Grant, a regular patron to the Gaithersburg postal facility, entered from a parking lot via a set of stairs adjacent to the building. Upon leaving the facility, Ms. Grant exited down a ramp and walked across the parking lot to her car, where she slipped and fell on oil. Ms. Grant sustained injuries to her head, right knee, right elbow, and right side, including her shoulder. No witnesses saw Ms. Grant fall, but a postal employee noticed her on the ground, helped her up,

and walked her to her car. One to two days after Ms. Grant's fall, she returned to the Post Office to take pictures of the parking lot and the oil spill. Plaintiff testified that while the photographs were an accurate depiction of the area where she fell, the oil spot was shinier on the day of her fall.

In accordance with these facts, Plaintiff filed an action in this Court seeking seventy-five thousand dollars in damages for negligence on the part of the U.S. Post Office. Subsequently, Defendant filed a motion for summary judgment.

## II.      STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. ANALYSIS

### A. Federal Tort Claims Act

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir.2005). The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the Federal Tort Claim Act ("FTCA"), which is codified at 28 U.S.C. § 2671, *et seq*. The FTCA creates a limited waiver of sovereign immunity by permitting a claimant to bring a civil suit seeking money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" to the extent that a private party would be liable for those acts under state law. 28 U.S.C. s 1346(b)(1); *see* also *Metz v. United States*, 723 F.Supp. 1133, 1137 (D.Md.1989) (standing for the proposition that state law applies to claims brought under the FTCA). In the instant case, the Parties do not dispute that the incident occurred in Maryland; therefore, Maryland state law applies.

### B. Contributory Negligence

In Maryland, contributory negligence is an absolute defense to a plaintiff's negligence claim, even if the defendant has been grossly negligent. *See* Ramos *v. Southern Maryland Electric Cooperative, Inc*., 996 F.2d 52, 54-55 (4th Cir.1993). In the case at bar, if Ms. Grant was contributorily negligent in any way, she will be unable to recover any damages. Maryland law defines contributory negligence as "the failure to observe ordinary care for one's own safety. It is the doing of something that a person of ordinary prudence would not do under the circumstances." *Menish v. Polinger Co*., 227 Md. 553, 558 (1976). According to the Maryland

Court of Appeals, contributory negligence is conduct or behavior "on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Craig v. Greenbelt Consumer Services, Inc*., 244 Md. 95, 97 (1966).

Defendant argues that Plaintiff should not recover for damages sustained from her injuries because she was contributorily negligent. However, genuine issues of material fact remain as to whether Plaintiff exercised reasonable care when walking out of the post office. Defendant claims that Ms. Grant did not watch where she was walking at the time of the fall because the mail containers she carried obstructed her view of the ground. However, Plaintiff proffers evidence indicating that Ms. Grant used caution as she left the post office due to the inclement weather. It is clear that the mail containers obstructed Ms. Grant's view of the ground just beneath the boxes she carried, but it is uncertain as to whether she was able to see the ground ahead in order to avoid the oil spill as she approached it. Ms. Grant admits to looking ahead in her travels from the post office to her car. Without more evidence, the Court is reluctant to label such a common act as negligent. As contributory negligence is ordinarily a question for the trier of fact and genuine issues of material fact remain in this case, the parties will have an opportunity to argue the issue of contributory negligence on the part of the Defendant at the pending trial. *Campbell v. Baltimore Gas and Electric Company*, 95 Md.App. 86, 93(1993)

### C. Open and Obvious Condition

The genuine issues of material fact that exist regarding the contributory negligence claim alone are adequate to deny Defendant's summary judgment motion; however, the Court will discuss Defendant's argument regarding the open and obvious condition. In the instant case, there is no dispute that Ms. Grant was an invitee to the U.S. Post Office facility. Under

Maryland law, businesses have the duty to maintain ordinary care to their premises in a reasonably safe condition and to protect invitees from "dangers of a kind that would not be expected by foot travelers, dangers in the nature of traps." *Coleman v. United States*, 369 Fed. Appx. 459, 461 (4th Cir. Md. 2010). However, businesses are not required to protect invitees from "the customary permissible, uses and conditions"; therefore, an invitee harmed by an open and obvious condition is ordinarily not entitled to any recovery for his injuries. *Id.* at 460-62. An open and obvious condition exists if "the condition and risk are apparent to and would be recognized by a reasonable person in the position of a visitor exercising ordinary perception, intelligence, and judgment." *Coleman v. United States*, 369 Fed. Appx. 459, 461 (4th Cir. Md. 2010). There is no exact test for determining whether a dangerous condition is so obvious that a person of ordinary prudence would see it and avoid it, but depends upon the facts of each case. *See Robertson v. Shell Oil Co.*, 34 Md.App. 399 (1977).

Even had Ms. Grant not been carrying the boxes, there are several genuine issues of material fact regarding whether the spilled oil was open and obvious. Defendant argues that Ms. Grant noticed that the oil spot was shiny and should have avoided it. However, both parties admit that the weather on the day of the fall was rainy and overcast, and Plaintiff provides evidence that the weather conditions precluded Ms. Grant's view of the spill. Upon viewing photographs which depict the area of the fall, the Court recognizes Plaintiff's argument that the oil spill was transparent in light of the weather conditions and notes that the oil's dark color is not in significant contrast to that of the concrete, also dark in color. For the aforementioned reasons, the Court finds that a genuine issue of material fact exists as to whether the oil on which Plaintiff slipped constituted an open and obvious condition. At this juncture, the Court is unable to conclude that the oil spill constituted an open and obvious danger.

D.     **CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion for Summary Judgment. A separate Order will follow, and the Court will set this matter in for trial.


June 1, 2011                                              /s/
    Date                                          Alexander Williams, Jr.
                                                  United States District Judge